**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Myrna de Jesus, | No. CV-25-02701-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| UnitedHealth Group, | |
| Defendant. | |

On August 1, 2025, the court dismissed plaintiff Myrna de Jesus's original complaint. (Doc. 5.) That order dismissed plaintiff's claims for breach of employment contract and "slander per se" as barred by the applicable statutes of limitations. (Doc. 5 at 2-3.) The order also dismissed plaintiff's negligence claim because she had not "provided sufficient facts explaining the basis for her claim." (Doc. 5 at 3.) The court granted plaintiff leave to amend her slander and negligence claims but did not grant leave to amend the breach of contract claim. (Doc. 5 at 3.)

On August 15, 2025, plaintiff filed a motion for reconsideration and an amended complaint. (Doc. 7, 8.) The motion for reconsideration argues the dismissal without leave to amend of the breach of contract claim was incorrect because Arizona's six-year statute of limitations should apply. (Doc. 8 at 2.) Hoping that motion would be granted, plaintiff's amended complaint includes claims for breach of contract, slander, and "negligence per se." (Doc. 7 at 14, 17.)

## I. Motion for Reconsideration[1]

Plaintiff's motion argues she had a written employment contract with defendant UnitedHealth Group, her termination on March 2, 2021, constituted a breach of that contract, and her complaint filed in 2025 was timely based on Arizona's six-year limitations period for actions based on written contracts. (Doc. 8 at 2.) Plaintiff is correct that Arizona has a general six-year limitations period for most claims alleging breach of a written contract. A.R.S. § 12-548(A)(1). But Arizona applies a one-year statute of limitations to "employment contracts," whether those contracts are "oral or written." A.R.S. § 12-541(3). Under this statute, an "employment contract" is "a contract between an employer and employee in which the terms and conditions of employment are stated." *Worldwide Jet Charter, Inc. v. Toulatos*, 523 P.3d 398, 403 (Ariz. Ct. App. 2022) (simplified). And if a written contract qualifies as an "employment contract," the shorter limitations period applies. *Id.* (rejecting argument that six-year limitations period should apply to contract that qualified as employment contract).

The amended complaint repeatedly identifies the contract between plaintiff and UnitedHealth as an "employment contract" or "employment agreement." (Doc. 7 at 14-15.) Based on plaintiff's own allegations, the one-year limitations period applies to her breach of contract claim. The relevant breach occurred in 2021 and plaintiff filed this suit in 2025, well outside the one-year period. The previous dismissal of plaintiff's breach of contract claim was correct and the motion for reconsideration is denied. *Cf. Belanus v. Clark*, 796 F.3d 1021, 1024 (9th Cir. 2015) (affirming dismissal at screening stage based on statute of limitations).

## II. Amended Complaint

Having denied the motion for reconsideration, plaintiff was not permitted to amend her breach of contract claim. But even if she had permission, the breach of contract claim

---

[1] The motion for reconsideration presents a variety of strange arguments including discussions about the right to present exculpatory evidence to a grand jury and the elements necessary to plead a malicious prosecution claim under 42 U.S.C. § 1983. (Doc. 8 at 3-4.) This order only discusses the central argument of plaintiff's motion involving the applicable statute of limitations.

- 2 -

in the amended complaint is untimely and is dismissed. That leaves plaintiff's claims for slander and negligence per se. These claims are also untimely.

### A. Slander

Plaintiff's original complaint alleged UnitedHealth first published the actionable statements in March 2021. Based on that date, the court dismissed plaintiff's slander claim as barred by Arizona's one-year statute of limitations. The court noted however it was possible plaintiff was "attempting to allege UnitedHealth repeated the statements more recently than March 2021." (Doc. 5 at 3.) Based on that possibility, the court granted plaintiff leave to amend to specify what statements UnitedHealth made within the one-year limitations period.

Despite being informed of the statute of limitations, plaintiff's amended complaint bases her slander claim on the same March 2021 statements the court already identified as untimely. (Doc. 7 at 17.) Plaintiff alleges she continues to suffer harm from the "defamatory termination rationale" published in March 2021. (Doc. 7 at 20.) But even accepting plaintiff might still be suffering harm from the March 2021 statements, her claim accrued when she knew the statements were made. *Larue v. Brown*, 333 P.3d 767, 771 (Ariz. Ct. App. 2014). Plaintiff admits she knew of the statements when they were made. Plaintiff seemingly alleges the March 2021 statements were discovered by others more recently, but Arizona law provides "later circulation of the original publication does not start the statute of limitations anew, nor does it give rise to a new cause of action." *Id.* Because plaintiff relies solely on the March 2021 statements and has not alleged UnitedHealth republished those statements within the statute of limitations, the slander claim is dismissed without leave to amend. *Id.* at 772 ("republishing material in a new edition, editing and republishing it, or placing it in a new form is a separate publication giving rise to a separate cause of action").

### B. Negligence

Plaintiff's final claim is for "negligence per se . . . based on Defendant's failure to exercise reasonable care in making and disseminating false and defamatory statements."

(Doc. 7 at 20.) The legal basis for this claim is not clear but even assuming the legal theory is plausible, the factual basis for this claim establishes it is time-barred.

As with all her other claims, plaintiff bases her negligence claim on UnitedHealth's actions in 2021. For example, plaintiff alleges UnitedHealth's negligence is shown by the failure to conduct a reasonable investigation "before taking adverse employment action against Plaintiff" in March 2021. (Doc. 7 at 21.) Plaintiff also alleges UnitedHealth communicated the actionable statements to third parties, including the Arizona Department of Economic Security. But plaintiff's evidence for that communication is an attachment from 2021. (Doc. 7 at 46.)

Negligence claims in Arizona are subject to a two-year statute of limitations. A.R.S. § 542. A negligence claim accrues when there is "negligence that results in appreciable, non-speculative harm." *Com. Union Ins. Co. v. Lewis & Roca*, 902 P.2d 1354, 1358 (Ariz. Ct. App. 1995). Plaintiff's negligence claim based on actions in 2021 is barred by the statute of limitations.

**C. Leave to amend**

The court dismissed plaintiff's original complaint and provided instructions on what was necessary to cure that complaint's deficiencies. (Doc. 5.) Plaintiff's amended complaint indicates she is only interested in pursuing time-barred claims, so further leave to amend would be futile. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (simplified).

/
/
/
/
/
/
/

Accordingly,

**IT IS ORDERED** the Motion for Reconsideration (Doc. 8) is **DENIED**.

**IT IS FURTHER ORDERED** the Amended Complaint (Doc. 7) is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment in favor of defendant and close this case.

Dated this 22nd day of August, 2025.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**